# EXHIBIT C

Meeting Minutes for September 5, 2023

50630651



| Home | Meetings | Contact |
|------|----------|---------|

Agenda  Minutes  Agenda Packet 

Switch to Accessible View



**Sparks City Council Meeting Minutes**
**Tuesday, September 5, 2023 1:30 PM**
**Legislative Bldg. 745 4th Street, Sparks**

**MAYOR**
Ed Lawson

**CITY COUNCIL**
Donald Abbott, Ward 1
Dian VanderWell, Ward 2
Paul Anderson, Ward 3
Charlene Bybee, Ward 4
Kristopher Dahir, Ward 5

**ACTING CITY MANAGER**
John Martini

**CITY ATTORNEY**
Wes Duncan

**Public Meeting Notice** – This meeting is open to the public in accordance with NRS 241.020

This agenda has been posted at the following locations, three (3) business days prior to the meeting:

Sparks City Hall, 431 Prater Way        www.cityofsparks.us        https://notice.nv.gov/

**Supporting Documentation** — Supporting documents for this agenda items are available on the city's website at www.cityofsparks.us and will be available for review at the Council meeting. For further information you may contact the City Clerk at (775) 353-2350.

**Order of Agenda** — Items on the agenda may be taken out of order; the City Council may combine two or more agenda items for consideration; may remove an item from the agenda or may delay discussion relating to an item

on the agenda at any time per NRS 241.020 (3)(d)(6) and (7).

**Public Comment** — Persons desiring to address the City Council shall first provide the City Clerk with a written request to speak so they may be recognized by the presiding officer. Each person addressing the City Council shall approach the podium when called, give his/her name, and shall limit the time of their presentation to **three (3) minutes** per NRS 241.020(3)(d)(3). Public comment may address any agenda item or other public issue that the City Council has the authority to effectuate or exercise control over. Public comment on matters beyond the Council's scope of authority, not relevant to Council business, and that does not serve a governmental purpose, is not permitted. You may also submit public comment by emailing cityclerk@cityofsparks.us no later than 12:30 pm the day of the meeting. In the subject line of the email type "Public Comment City Council". Emails received for public comment will be entered into record but not read aloud during the meeting.

**Restrictions on Public Comments** — All public comment remarks shall be addressed to the Council as a whole and not to any member thereof. No person, other than members of the City Council and the person having the floor shall be permitted to enter into any discussion. No questions shall be asked of the City Council except through the presiding officer.

**Disruptive Conduct** — Any person who disrupts a meeting to the extent that its orderly conduct is made impractical may be removed from the meeting by order of the presiding officer.

**Accommodations** — The meeting site is accessible to individuals with disabilities. Reasonable efforts to assist and accommodate persons with physical disabilities desiring to attend shall be made per NRS 241.020(1). Please call the City Clerk's office (775) 353-2350 at least three (3) business days before the meeting to make arrangements.

If you have questions, you may find additional information at www.cityofsparks.us or call the City Clerk's office at (775) 353-2350.

## Sparks City Council
## Meeting Minutes
### Tuesday, September 5, 2023 1:30 PM

1. **Call to Order**

    The special meeting of the Sparks City Council was called to order by Mayor Ed Lawson at 1:30 p.m.

2. **Roll Call**

    Mayor Ed Lawson, Council Members Donald Abbott, Dian VanderWell, Paul Anderson, Charlene Bybee, Acting City Manager John Martini, City Attorney Wes Duncan, City Clerk Lisa Hunderman, PRESENT. Council Member Kristopher Dahir, PRESENT via TELEPHONE.

3. **Opening Ceremonies**

    3.1. **Pledge of Allegiance**

046

The Pledge of Allegiance was led by Council Member Bybee.

4. **Public Comment**

   4.1. **Public Comment. NRS 241.020(3)(d)(3) provides that the City Council must allow multiple periods devoted to public comments by the general public. No matters raised during public comment may be the subject of deliberation or action. Written comments from the public prior to the agenda and supporting materials for the meeting follow.**

   Former City of Sparks Employee Andrea Pelto and Professional Fire Fighters of Nevada Representative Tom Dunn provided public comment in favor of the termination of City Manager Krutz's employment contract with the City.

5. **Agenda**

   5.1. **Approval of the Agenda (For Possible Action)**

   **Motion:** I move to approve the agenda hearing item 7.1 before item 6.1.

   **Moved by:** Council Member Anderson
   **Seconded By:** Council Member VanderWell
   **Yes:** Council Members Abbott, Anderson, Bybee, Dahir, VanderWell
   **No:**
   **Abstain:**
   **Vote:** Motion passed unanimously 5-0.

6. **General Business**

   6.1. **Consideration, discussion, and possible termination of the employment agreement (AC-5553) between the City of Sparks and City Manager Neil Krutz. (For Possible Action)**

   An agenda item from Mayor Lawson and presented by Human Resources Director Jill Valdez requesting Council approval to terminate the employment agreement (AC-5553) between the City of Sparks and City Manager Neil Krutz. Section 7 of the contract with the City Manager (AC-5553) governs termination of the employment agreement. The City may terminate the employment agreement without cause by providing 90 days' written notice of termination as stated in Section 7(C). Section 9 of the employment agreement describes the severance package that must be provided upon termination without cause. This severance package includes twelve (12) months' base salary; all salary and benefits due and owing; payment for all accrued annual leave and personal leave; and the cost of twelve (12) months of City-paid health, dental, vision, life, and long-term disability insurance. This severance package would cost the City an estimated $400,112 following the end of the 90-day notice period. Mr. Krutz

would additionally be entitled to sick leave conversion benefits with an estimated total value of $313,540 as provided in Section 3, Paragraph K of the employment agreement as amended by Amendment No. 4. Alternatively, the City may terminate the employment agreement for cause. "Cause" is defined in Section 7(D) of the employment agreement. In order to pursue termination for cause, City Council would need to establish cause during the City Council meeting and in the relevant motion.

Council Member Anderson read into record the reasons for termination for cause of City Manager Krutz according to sections 1(A), 7(D), and 13(B) of the employment contract of the City Manager.

Reasons for cause under section 7(D) are as follows:

1. Mr. Krutz handling of former Fire Chief Mark Lawson without consulting City Council, Human Resources, or legal counsel constitutes a neglect of duties and a failure to exercise the care, skill, and diligence of a reasonably prudent executive. Any reasonably prudent executive administering a public program would have known to consult City Council, Human Resources, or legal counsel before engaging in a high profile employment action of a City employee.

2. Mr. Krutz's decision to post an unauthorized online video about the firing of the Fire Chief has embroiled the City in expensive litigation with potential exposure to the City. Mr. Krutz's decision constitutes neglect of duties and failure to exercise the care, skill, and diligence of a reasonably prudent executive. Any reasonably prudent executive administering a public program would have or should have known not to post a video about an employment decision to open the City to litigation and potential liability.

3. Both the manner in which Mr. Krutz terminated the Fire Chief and his online public statements are actions which would derogate public confidence in the government of the City of Sparks.

4. Mr. Krutz has created an uncomfortable working environment through intimidation and a culture of fear. In doing so, he has decreased the productivity and service of City employees. Therefore, he has neglected his duties and failed to exercise the care, skill, and diligence of a reasonably prudent executive.

5. The manner in which Mr. Krutz had dealt with City employees and his lack of leadership style tends to derogate public confidence in the government of the City of Sparks.

048

Reasons for cause under section 1(A) are as follows:

1. Mr. Krutz handling of the fire chief without consulting the City Council, Human Resources, or legal counsel fail to comply with City policies, rules, and governing body directives.

2. Mr. Krutz posting of the unauthorized online video which has prompted litigation and embarrassment failed to comply with City policies, rules, and governing body directives.

Reasons for cause under section 13(B) are as follows:

1. In accordance with section 13(B), each Council Member previously expressed performance problems to Mr. Krutz in individual meetings.

2. Since that time, Mr. Krutz has not improved on those individual actions. His performance has not improved as previously represented and expected.

3. All of these actions have happened in open and observed firsthand by Council Members.

The legal counsel for Mr. Krutz, John Gallagher Esq., began the defense of Mr. Krutz by stating this is the first time they were notified of the "for cause" reasons listed by City Council, and thus the meeting was not compliant with open meeting law as they could not prepare a proper defense against the allegations. He stated Mr. Krutz did consult HR about the resignation of former Fire Chief Mark Lawson and was instructed to take action on the issue. Mr. Gallagher argued that in May of 2023, Mr. Krutz met with the Mayor and City Council to discuss his performance and to seek any constructive criticism. At those meetings, some Council Members refused to meet with Mr. Krutz, and he received only positive feedback from the members that did. At no time in his meetings with City Council, nor meetings where the Mayor and Council Members met individually, were any concerns or potential feedback disclosed to Mr. Krutz. Mr. Gallagher also presented low ratings given by some City Council Members in Mr. Krutz's May 2023 performance evaluation. One evaluation gave Mr. Krutz a rating of zero (0) across seven (7) categories without any comments explaining why. Mr. Gallagher argued this constitutes a violation of the duties of City Council as constructive criticism is required to be given to the City Manager. Despite the low ratings from some members, City Council still voted to extend his contract in May 2023. He also argued after 26 years of serving the City of Sparks, Mr. Krutz has been publicly ridiculed for his behavior and decisions without any proof or documentation of wrongdoing which constitutes a defamation of character and a violation of the duties of the City Council.

049

Lastly, Mr. Gallagher stated because City Council failed to provide objective performance criteria to meet, it constitutes a breach of the employment contract, and City Council does not have the authority to enforce it.

Council stated Mr. Krutz's contract was voted in favor of extension in May 2023, however given the information at the present, there is a cause for termination.

Council Members expressed concerned that their character is being questioned and was unsure if the names of the Council Members on the City Manager performance evaluation are allowed to be disclosed. HR Director Valdez stated the names on the performance evaluations are kept confidential for the presentation on the agenda; however, if there is a request for that information, it must be disclosed.

Council provided brief comments agreeing on the reasons for cause of termination.

Council recessed at 2:15 p.m. and returned to the dais at 2:16 p.m.

**Motion:**   I move to terminate the Contract of Employment of Sparks City Manager (AC-5553), as amended, between the City of Sparks and City Manager Neil Krutz with cause for the reasons and testimony of the Council members today including but not limited to violations of Sections 1(A), 13(B), and 7(D).
**Moved by:** Council Member Anderson
**Seconded By:** Council Member Dahir
**Yes:** Council Members Abbott, Anderson, Bybee, Dahir, VanderWell
**No:**
**Abstain:**
**Vote:**   Motion passed unanimously 5-0.

7. **Public Hearing and Action Items Unrelated to Planning and Zoning**

    7.1. **Public hearing, consideration, discussion, and possible action to retain Pisanelli Bice, as special counsel to represent the City of Sparks concerning the potential termination of City Manager Neil Krutz, at a rate of $500 an hour not to exceed a total billing of $5,500. (For Possible Action)**

    An agenda item from Chief Assistant City Attorney Nic Danna and presented by Senior Assistant City Attorney Brandon Sendall requesting Council approval to retain Pisanelli Bice, as special counsel to represent the City of Sparks concerning the potential termination of City Manager Neil Krutz, at a rate of $500 an hour not to exceed a total billing of $5,500. The City Attorney's Office has identified that its involvement in the potential termination of Mr. Krutz would constitute a conflict of interest due to the City Attorney's Office representation of Mr. Krutz in other litigation.

    Public hearing was opened at 1:36 p.m. There was no public comment.

050

**Motion:** I move to direct the City Attorney's office to retain Pisanelli Bice as special counsel to advise and represent the City's interests regarding the potential termination of City Manager Krutz, at a rate of $500 an hour not to exceed a total billing of $5,500.
**Moved by:** Council Member Bybee
**Seconded By:** Council Member Abbott
**Yes:** Council Members Abbott, Anderson, Bybee, Dahir, VanderWell
**No:**
**Abstain:**
**Vote:** Motion passed unanimously 5-0.

## 8. Comments

### 8.1. Comments from the Public

**Public Comment. NRS 241.020(3)(d)(3) provides that the City Council must allow multiple periods devoted to public comments by the general public. No matters raised during public comment may be the subject of deliberation or action. Written comments from the public prior to the agenda and supporting materials for the meeting follow.**

Professional Fire Fighters of Nevada Representative Tom Dunn thanked Council for their decision and urged caution in picking the next City Manager.

### 8.2. Announcements from the Mayor, City Council and City Manager

None.

## 9. Adjournment

The meeting was adjourned at 2:18 p.m.

_____
Ed Lawson, Mayor

ATTEST:

_____
Lisa Hunderman, City Clerk

051

>>>NJ



  Copyright © 2015-2026 Hyland Software, Inc.